## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **LAURA VEENSTRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **UHS OF TEXOMA, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff Laura Veenstra (Plaintiff) files this Original Complaint against Defendant UHS of Texoma, Inc. (Defendant).

### II.

### PARTIES

1.      Plaintiff is an individual and a citizen of Durant, Oklahoma.

2.      Defendant is a foreign corporation with its principal place of business outside Texas.  Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.

### JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4.      Defendant employs the requisite number of employees for coverage under the relevant federal statutes upon which Plaintiff's claims are based.

### IV.

### VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Grayson County.

6.      Grayson County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

### V.

### BACKGROUND FACTS

7.      Plaintiff is a white female.

8.      Plaintiff worked as a nurse for Defendant from November 2006 until on or about August 28, 2020.

9.      Plaintiff worked in various capacities, including in management since January 2020.

10.     In November 2019, Plaintiff ended a seven-year consensual relationship with Dr. Mark Young (white male).

11.   On or about January 27, 2020, a co-worker, Tabitha Stinnett (white female) (who is sister-in-law to Plaintiff's supervisor, Tony Weaver (white or native American male)) paged Plaintiff in the hospital and asked Plaintiff how long she had been sleeping with her husband.

12.   Plaintiff told Stinnett this was not true, and immediately reported this to her Chief Executive Officer, Ryan Tatu (white male).

13.   This allegation came from Young, who worked with Stinnett, and was the start of his efforts to retaliate against Plaintiff for ending their relationship.

14.   A report was made to human resources.

15.   On or about January 29, 2020, Young accosted another co-worker who is a friend of Plaintiff, Carly Knuppel (white female).

16.   This was also reported to human resources.

17.   On or about January 31, 2020, Shane Cockrell (white male), who worked for Texoma and UHS, went to Plaintiff's old employer, Alliance Medical Center, and spread rumors that Plaintiff had been sleeping with a number of women's husbands (including Tabitha Stinnett).

18.   Plaintiff reported this to Tatu, and a meeting with human resources was held on or about February 3, 2020.

19.   Defendant took no action to stop Young.

20.   On or about February 11, 2020, Young went to Knuppel's supervisor and told her that Knuppel was dangerous, and he did not want her taking care of his patients.

21.   Young subsequently went in disguise to several medical facilities, including Alliance, and told them Plaintiff was involved in criminal activities and drug abuse.

22.   Alliance escorted Young from the building.

23.     Plaintiff reported Young to the Texas Board of Medical Examiners on or about February 21, 2020.

24.     Defendant was immediately notified of this.

25.     In June 2020, Plaintiff removed the insulin pump from a psychiatric patient for the patient's safety.

26.     This was investigated, and determined to be a non-malicious act and Plaintiff received no discipline.

27.     By mid-June Plaintiff had been cleared, and Plaintiff was aware of an email from Anne Schenk (white female), the Chief Nursing Officer, to administrative personnel stating that Plaintiff had done nothing wrong.

28.     Despite this, Plaintiff was subsequently given a verbal warning by Tony Weaver (white male) stating Renae Connor (white female) from human resources did not like the "tone" of an email Plaintiff had sent her.

29.     One week later, Plaintiff was treating another psychiatric patient who kept calling Plaintiff an "asshole."

30.     A co-worker asked Plaintiff what the patient had been calling Plaintiff, and Plaintiff told this co-worker the patient was calling Plaintiff an asshole.

31.     Plaintiff was then given a verbal warning for that.

32.     This turned into a written warning for these incidents.

33.     One week later, Tony Weaver, the Director of Nursing, reported that Plaintiff had called this patient an asshole, which was completely untrue.

34.     Plaintiff went to human resources on or about August 14, 2020, to give a statement on the issue.

35.     Plaintiff was placed on administrative leave allegedly relating to the insulin pump issue for which she had already been cleared.

36.     In the thirteen years prior to January 2020, Plaintiff had one written discipline for failing to complete an education module on time (Plaintiff was one day late).

37.     After ending her relationship with Young and reporting him to the Texas Medical Board, Plaintiff received three bogus disciplines and was placed on administrative leave for an incident for which she had already been cleared.

38.     Plaintiff made multiple complaints to human resources about being discriminated against because of her sex/gender as it relates to Defendant protecting Young and allowing him to retaliate against Plaintiff for ending a consensual relationship.

39.     Plaintiff also made multiple complaints to management about Sara Scarberry (native American female mid-30s) discriminating against Plaintiff because of Plaintiff's race/color/national origin, but nothing was done.

40.     Members of management confirmed to Plaintiff that she was being targeted because of Young.

41.     Plaintiff filed a charge of discrimination against Defendant on or about September 2, 2020.

42.     This charge was delivered to Renee Conner before it was filed with the Texas Workforce Commission.

43.     On or about August 28, 2020, Defendants terminated Plaintiff's employment.

## VI.

## CONDITIONS PRECEDENT

44.     Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission, and the Charge was dual filed with the Equal Employment Opportunity Commission.

45.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

46.     More than 180 days have passed since the Charge was filed and no action has been taken.

47.     Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action—Sex Discrimination/Sexual Harassment—Quid Pro Quo—TCHRA[1]**

48.     Plaintiff incorporates each of the foregoing paragraphs.

49.     Defendant discriminated against Plaintiff because of Plaintiff's sex, and conditioned her continued employment on a sexual relationship with Young.

50.     When Plaintiff refused, Defendant terminated Plaintiff's employment.

51.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.     Second Cause of Action—Sex Discrimination—TCHRA**

52.     Plaintiff incorporates each of the foregoing paragraphs.

53.     Defendant discriminated against Plaintiff because of Plaintiff's sex.

54.     Plaintiff was treated differently than similarly situated males.

55.     Defendant's actions violated section 21.051 of the Texas Labor Code.

---

[1] Texas Commission on Human Rights Act.

C.     **Third Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

56.     Plaintiff incorporates each of the foregoing paragraphs.

57.     Defendant discriminated against Plaintiff because of Plaintiff's sex, and terminated Plaintiff's employment because of her sex/constructively discharged Plaintiff because of her sex.

58.     Defendant's actions violated section 21.051 of the Texas Labor Code.

D.     **Fourth Cause of Action—Race/Color Discrimination—TCHRA**

59.     Plaintiff incorporates each of the foregoing paragraphs.

60.     Defendant discriminated against Plaintiff because of Plaintiff's race/color.

61.     Defendant's actions violated section 21.051 of the Texas Labor Code.

E.     **Fifth Cause of Action—Race/Color Discrimination—Discriminatory Discharge—TCHRA**

62.     Plaintiff incorporates each of the foregoing paragraphs.

63.     Defendant terminated Plaintiff's employment because of Plaintiff's race/color.

64.     Defendant's actions violated section 21.051 of the Texas Labor Code.

F.     **Sixth Cause of Action—National Origin Discrimination—TCHRA**

65.     Plaintiff incorporates each of the foregoing paragraphs.

66.     Defendant discriminated against Plaintiff because of Plaintiff's national origin.

67.     Defendant's actions violated section 21.051 of the Texas Labor Code.

G.     **Seventh Cause of Action—National Origin Discrimination—Discriminatory Discharge—TCHRA**

68.     Plaintiff incorporates each of the foregoing paragraphs.

69.     Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

70.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**H.**     **Eighth Cause of Action—Unlawful Retaliation—TCHRA**

71.     Plaintiff incorporates each of the foregoing paragraphs.

72.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

73.     In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

74.     Defendant's actions violated section 21.055 of the Texas Labor Code.

**I.**     **Ninth Cause of Action—Sex Discrimination/Sexual Harassment—Quid Pro Quo— Title VII**

75.     Plaintiff incorporates each of the foregoing paragraphs.

76.     Defendant discriminated against Plaintiff because of Plaintiff's sex, and conditioned her continued employment on a sexual relationship with Young.

77.     When Plaintiff refused, Defendant terminated Plaintiff's employment.

78.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**J.**     **Tenth Cause of Action—Sex Discrimination—Title VII**

79.     Plaintiff incorporates each of the foregoing paragraphs.

80.     Defendant discriminated against Plaintiff because of Plaintiff's sex.

81.     Plaintiff was treated differently than similarly situated males.

82.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**K.**     **Eleventh Cause of Action—Sex Discrimination—Discriminatory Discharge—Title VII**

83.     Plaintiff incorporates each of the foregoing paragraphs.

84.     Defendant terminated Plaintiff's employment because of Plaintiff's sex.

85.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**L.     Twelfth Cause of Action—Race/Color Discrimination—Title VII**

86.     Plaintiff incorporates each of the foregoing paragraphs.

87.     Defendant discriminated against Plaintiff because of Plaintiff's race/color.

88.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**M.     Thirteenth Cause of Action—Race/Color Discrimination—Discriminatory Discharge—Title VII**

89.     Plaintiff incorporates each of the foregoing paragraphs.

90.     Defendant terminated Plaintiff's employment because of Plaintiff's race/color.

91.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**N.     Fourteenth Cause of Action—National Origin Discrimination—Title VII**

92.     Plaintiff incorporates each of the foregoing paragraphs.

93.     Defendant discriminated against Plaintiff because of Plaintiff's national origin.

94.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**O.     Fifteenth Cause of Action—National Origin Discrimination—Discriminatory Discharge—Title VII**

95.     Plaintiff incorporates each of the foregoing paragraphs.

96.     Defendant terminated Plaintiff's employment because of Plaintiff's national origin.

97.     Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**P.     Sixteenth Cause of Action—Unlawful Retaliation—Title VII**

98.     Plaintiff incorporates each of the foregoing paragraphs.

99.     Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

100.     In response, Defendant retaliated against Plaintiff and terminated Plaintiff's employment.

101.     Defendant's actions violated 42 U.S.C. § 2000e-3(a)a.

## VIII.

## <u>DAMAGES</u>

102.    Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

103.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

104.    Plaintiff seeks all damages available under the TCHRA.

105.    Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

106.    Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

107.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

108.    Plaintiff seeks all damages available under federal law.

## IX.

### ATTORNEYS' FEES AND COSTS

109.    Plaintiff incorporates each of the foregoing paragraphs.

110.    Plaintiff retained the services of undersigned counsel to prosecute their claims.

111.    Pursuant to Texas Labor Code section 21.259 and 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorney's fee from Defendant, including reasonable expert fees.

## X.

### INJUNCTIVE AND DECLARATORY RELIEF

112.    Plaintiff incorporates each of the foregoing paragraphs.

113.    Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

      a.    Prohibiting Defendant from engaging in unlawful discrimination;

      b.    Reinstating Plaintiff's employment with Defendant with backpay;

      c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.    Paying court costs;

      e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.    Any additional equitable relief as the Court deems proper.

## XI.

### JURY DEMAND

114.    Plaintiff incorporates each of the foregoing paragraphs.

115.    Plaintiff demands a trial by jury.

## XII.

## <u>CONCLUSION AND PRAYER</u>

116.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

A.    Back pay and front pay (including benefits);

B.    Compensatory damages;

C.    Punitive damages;

D.    Injunctive and declaratory relief, including but not limited to, an Order:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendant with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief the Court deems proper;

E.    Courts costs;

F.    Pre-judgment and post-judgment interest at the rate set by law; and

G.    All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@mattscottlaw.com
**SCOTT LAW FIRM PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**